O

**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| K&N ENGINEERING, INC., A CALIFORNIA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRE PERFORMANCE, A CALIFORNIA CORPORATION,<br><br>Defendants. | Case No. EDCV 09-01900-VAP (DTBx)<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION** |

On November 1, 2011, the jury in the above entitled action rendered a special verdict (Doc. No. 288): (1) in favor of Plaintiff and Counterdefendant K&N Engineering, Inc., ("K&N") on its claims against Defendant and Counterclaimant Spectre Performance ("Spectre") for false advertising under the Lanham Act and for common law unfair competition in the amount of $7,337,196.00; and (2) in favor of K&N on Spectre's claims against K&N for false advertising under the Lanham Act and for common law unfair competition; and

The Court having on December 8, 2011, filed Findings of Fact and Conclusions of Law on the claims asserted by K&N and Spectre against each other for statutory false advertising, Cal. Bus. & Prof. Code §§ 17500 et seq., and statutory unfair competition, Cal. Bus. & Prof. Code §§ 17200 et seq.,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. Judgment is hereby entered in this action in favor of K&N and against Spectre on all of K&N's claims against Spectre;
2. Judgment is hereby entered in this action in favor of K&N and against Spectre on all of Spectre's claims against K&N;
3. K&N shall be entitled to recover from Spectre the amount of $7,337,196.00, provided that the Court upon motion by K&N may enhance such amount pursuant to 15 U.S.C. § 1117(a) and, if so, will amend this judgment;
4. This case is found to be exceptional for purposes of 15 U.S.C. § 1117(a), and K&N shall be entitled to recover from Spectre its reasonable attorneys' fees in an amount to be determined;
5. K&N shall be entitled to recover from Spectre its reasonable costs incurred in this action, in an amount to be determined;

6. Spectre and its subsidiaries, affiliates, associates, agents, servants, employees, officers, directors, representatives, successors, assigns, and attorneys, as well as any person acting in concert or participation with them after notice of this Final Judgment and Permanent Injunction (collectively, the "Spectre Parties"), are hereby permanently enjoined from making any of the following claims (the "Barred Claims"):

   a. Any claims that all or any Spectre air filters have 99.6% (or any other level of) filtration efficiency (initial or cumulative) or have been shown by independent laboratory testing to have any such filtration efficiency;

   b. Any claims that Spectre air filters save gas or improve fuel economy or that "Government studies show that an efficient air filter can give you up to 10% better fuel economy";

   c. Any claims that Spectre air intake systems are "CARB Approved" or "CARB Approval Pending";

   d. Any "CFM Ratings" or "HP Ratings" for Spectre air filters or air intake systems or any claims that such products permit any particular amount of air flow or horsepower; provided that Spectre may advertise that a Spectre air intake system provides "up to" a specified horsepower gain if Spectre:

          i. Has test results supporting the claimed horsepower gain applicable to the vehicle as to which the gain is advertised and

          ii. Upon K&N's request provides K&N with a copy of those test results;

    e. Any charts or graphs entitled "Filter Particle Retention" or any claims, in the form of charts or graphs or otherwise, that compare the percentage of particles trapped, by particle size or otherwise, by Spectre air filters and K&N (or "Brand K") air filters;

    f. Any charts or graphs entitled "Dyno Gains" or "Dyno Results" or any claims, in the form of charts or graphs or otherwise, that compare or purport to compare a vehicle's horsepower or torque before and after installation of a Spectre air filter or air intake system; provided that Spectre may advertise that a Spectre air intake system provides "up to" a specified horsepower gain if Spectre:

          i. Has test results supporting the claimed horsepower gain applicable to the vehicle as to which the gain is advertised; and

          ii. Upon K&N's request provides K&N with a copy of those test results;

1      g.   Any statement or representation that a Spectre
2           air intake system may be used on a particular
3           vehicle unless:
4           i.   The California Air Resources Board has
5               issued an Executive Order exempting the use
6               of the system on the vehicle pursuant to
7               Cal. Veh. Code § 27156(c); or
8           ii.  The statement or representation is
9               accompanied by a disclaimer that complies
10              with 13 Cal. Code Reg. § 2222;
11 7.  The Spectre Parties are hereby permanently enjoined
12    from:
13    a.   Shipping any products with packaging making any
14          Barred Claim;
15    b.   Distributing or otherwise disseminating any
16          catalog, advertisement, marketing materials, or
17          other material making any Barred Claim; or
18    c.   Making any Barred Claim on any part of Spectre's
19          web site;
20 8.  Within 10 days after entry of this Judgment, Spectre
21    shall provide a copy of this Judgment to any direct
22    customers that Spectre:
23    a.   Has provided marketing materials to (other than
24          packaging) that include any Barred Claim; or
25    b.   Knows to be making any Barred Claim in
26          connection with Spectre products.
27
28

      Spectre shall instruct all such customers to stop making any Barred Claim in connection with Spectre products on their websites or in their other advertising or marketing materials;

9. Within 30 days after entry of this Judgment, Spectre shall file with the Court a report in writing under oath setting forth in detail the manner and form in which Spectre has complied with the Permanent Injunction set forth herein; and

10. This Court shall retain jurisdiction over this matter to remedy any violation of the terms of the Permanent Injunction set forth herein.

Dated: December 8, 2011

*Virginia A. Phillips*
VIRGINIA A. PHILLIPS
United States District Judge