UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| K&N ENGINEERING, INC., A CALIFORNIA CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SPECTRE PERFORMANCE, A CALIFORNIA CORPORATION,<br><br>　　　　　Defendants. | Case No. EDCV 09-1900 VAP (DTBx)<br><br>**AMENDED FINAL JUDGMENT AND PERMANENT INJUNCTION** |

　　　On November 1, 2011, the jury in the above entitled action rendered a special verdict (Doc. No. 288): (1) in favor of Plaintiff and Counterdefendant K&N Engineering, Inc., ("K&N") on its claims against Defendant and Counterclaimant Spectre Performance ("Spectre") for false advertising under the Lanham Act and for common law unfair competition in the amount of $7,337,196.00; and (2) in favor of K&N on Spectre's claims against K&N for false advertising under the Lanham Act and for common law unfair competition;

1  On December 8, 2011, the Court filed Findings of Fact
2 and Conclusions of Law (Doc. No. 306) on the claims
3 asserted by K&N and Spectre against each other for
4 statutory false advertising, Cal. Bus. & Prof. Code §§
5 17500 et seq., and statutory unfair competition, Cal. Bus.
6 & Prof. Code §§ 17200 et seq.;
7  On December 8, 2011, the Court filed a Final Judgment
8 and Permanent Injunction (Doc. No. 307) (the "Original
9 Final Judgment") in which it, among other things, stated
10 that it would file an amended judgment if it were to award
11 enhanced damages to K&N; and
12  On May 1, 2012, the Court filed a Minute Order
13 Granting K & N's Motion for Attorneys' Fees, in Part (Doc.
14 No. 375) in which it awarded K&N an enhancement payment of
15 $750,159.68 and attorneys' fees of $1,352,730.22,
16
17 **IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**
18 1.  Judgment is hereby entered in this action in favor of
19     K&N and against Spectre on all of K&N's claims
20     against Spectre;
21 2.  Judgment is hereby entered in this action in favor of
22     K&N and against Spectre on all of Spectre's claims
23     against K&N;
24 3.  K&N shall be entitled to recover from Spectre the
25     amount of $7,337,196.00 in damages and an enhancement
26     payment of $750,159.68 pursuant to 15 U.S.C.
27     § 1117(a), for a total amount of $8,087,355.68;
28

4. This case is found to be exceptional for purposes of 15 U.S.C. § 1117(a), and K&N shall be entitled to recover from Spectre its reasonable attorneys' fees of $1,352,730.22;

5. K&N shall be entitled to recover from Spectre its reasonable costs incurred in this action, in an amount to be determined;

6. Spectre and its subsidiaries, affiliates, associates, agents, servants, employees, officers, directors, representatives, successors, assigns, and attorneys, as well as any person acting in concert or participation with them after notice of this Final Judgment and Permanent Injunction (collectively, the "Spectre Parties"), are hereby permanently enjoined from making any of the following claims (the "Barred Claims"):

   a. Any claims that all or any Spectre air filters have 99.6% (or any other level of) filtration efficiency (initial or cumulative) or have been shown by independent laboratory testing to have any such filtration efficiency;

   b. Any claims that Spectre air filters save gas or improve fuel economy or that "Government studies show that an efficient air filter can give you up to 10% better fuel economy";

   c. Any claims that Spectre air intake systems are "CARB Approved" or "CARB Approval Pending";

    d.    Any "CFM Ratings" or "HP Ratings" for Spectre air filters or air intake systems or any claims that such products permit any particular amount of air flow or horsepower; provided that Spectre may advertise that a Spectre air intake system provides "up to" a specified horsepower gain if Spectre:

        i.    Has test results supporting the claimed horsepower gain applicable to the vehicle as to which the gain is advertised and

        ii.  Upon K&N's request provides K&N with a copy of those test results;

    e.    Any charts or graphs entitled "Filter Particle Retention" or any claims, in the form of charts or graphs or otherwise, that compare the percentage of particles trapped, by particle size or otherwise, by Spectre air filters and K&N (or "Brand K") air filters;

    f.    Any charts or graphs entitled "Dyno Gains" or "Dyno Results" or any claims, in the form of charts or graphs or otherwise, that compare or purport to compare a vehicle's horsepower or torque before and after installation of a Spectre air filter or air intake system; provided that Spectre may advertise that a Spectre air intake system provides "up to" a specified horsepower gain if Spectre:

4

1         i. Has test results supporting the claimed
2            horsepower gain applicable to the vehicle as
3            to which the gain is advertised; and
4        ii. Upon K&N's request provides K&N with a copy
5            of those test results;
6     g. Any statement or representation that a Spectre
7        air intake system may be used on a particular
8        vehicle unless:
9         i. the California Air Resources Board has
10            issued an Executive Order exempting the use
11            of the system on the vehicle pursuant to
12            Cal. Veh. Code § 27156(c); or
13        ii. the statement or representation is
14            accompanied by a disclaimer that complies
15            with 13 Cal. Code Reg. § 2222;
16 7. The Spectre Parties are hereby permanently enjoined
17    from:
18    a. Shipping any products with packaging making any
19       Barred Claim;
20    b. Distributing or otherwise disseminating any
21       catalog, advertisement, marketing materials, or
22       other material making any Barred Claim; or
23    c. Making any Barred Claim on any part of Spectre's
24       web site;
25 8. Within 10 days after entry of the Original Final
26    Judgment, Spectre shall provide a copy of the
27    Original Final Judgment to any direct customers that
28    Spectre:

5

       a.    Has provided marketing materials to (other than
             packaging) that include any Barred Claim; or
       b.    Knows to be making any Barred Claim in connection
             with Spectre products.
   Spectre shall instruct all such customers to stop
   making any Barred Claim in connection with Spectre
   products on their websites or in their other
   advertising or marketing materials;
9. Within 30 days after entry of the Original Final
   Judgment, Spectre shall file with the Court a report
   in writing under oath setting forth in detail the
   manner and form in which Spectre has complied with
   the Permanent Injunction set forth therein; and
10. This Court shall retain jurisdiction over this matter
    to remedy any violation of the terms of the Permanent
    Injunction set forth herein.

Dated: June 1, 2012     _____
                            VIRGINIA A. PHILLIPS
                        United States District Judge

201223699.1