O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| K&N ENGINEERING, INC., A CALIFORNIA CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> SPECTRE PERFORMANCE, A CALIFORNIA CORPORATION, <br><br> Defendants. | Case No. EDCV 09-01900-VAP (DTBx) <br><br> **ORDER APPROVING STIPULATION VACATING JUDGMENT AND DISMISSING LAWSUIT WITH PREJUDICE PURSUANT TO SETTLEMENT** |

    The parties, Plaintiff and Counterdefendant K&N Engineering, Inc. ("K&N") and Defendant and Counterclaimant Spectre Performance ("Spectre"), have submitted a Stipulation Vacating Judgment and Dismissing Lawsuit With Prejudice Pursuant to Settlement (Doc. No. 420) ("Stipulation").  They seek to vacate the Amended Judgment (Doc. No. 387) and dismiss K&N's Complaint and Spectre's Amended Counter-Complaint with prejudice, with each party bearing its own attorneys' fees and costs incurred in connection with this action.

A district court enjoys "equitable discretion when reviewing its own judgments." Am. Games, Inc. v. Trade Products, Inc., 142 F.3d 1164, 1170 (9th Cir. 1998). "Rule 60 provides the basis for a district court's vacation of judgments when the equities so demand, but it does not establish what substantive standards should be employed." Id. at 1168. FRCP 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief."

The Court must consider two equitable considerations where the parties seek to vacate a judgment upon settlement: "the district court can decide whether to vacate its judgment in light of 'the consequences and attendant hardships of dismissal or refusal to dismiss' and 'the competing values of finality of judgment and right to relitigation of unreviewed disputes.'" Dilley v. Gunn, 64 F.3d 1365, 1371 (9th Cir. 1995) (quoting Ringsby Truck Lines, Inc. v. Western Conference of Teamsters, 686 F.2d 720, 722 (9th Cir. 1982)).

Here, the equitable considerations weigh in favor of vacating the Amended Judgment and dismissing the action with prejudice.

First, the consideration of hardships for vacating, or refusing to vacate, weigh in favor of vacating the Amended Judgment. The parties jointly seek to vacate the Amended Judgment as a result of their November 3, 2012 Asset Purchase and Settlement Agreement (the "Settlement Agreement"). There is a "strong judicial policy that favors settlements" of disputes. <u>Class Plaintiffs v. City of Seattle</u>, 955 F.2d 1268, 1276 (9th Cir. 1992). While vacating the Amended Judgment does not appear to be a condition of settlement, vacating the Amended Judgment was contemplated as part of the settlement. (<u>See</u> Stipulation at 2 ("the [Settlement] Agreement provides, <u>inter alia</u>, that on the closing date of the transaction . . . K&N is to take such steps as are necessary to vacate the Amended Judgment and dismiss the Action with prejudice")). The Court is further persuaded by the fact that it is the parties jointly, and more specifically K&N (the prevailing party), who seeks to vacate the Amended Judgment. The Court should, where appropriate, support the negotiations and terms of settlement. Under these circumstances, there is no hardship in approving the Stipulation. On the other hand, by refusing to approve the Stipulation, the Court would be acting contrary to the Settlement Agreement between the parties and contrary to the contemplated provisions of the Settlement Agreement. Therefore, the consideration of hardships weighs in favor of vacating the Amended Judgment.

1    Second, there is little concern as to the competing
2 values of finality of judgment and right to relitigation
3 of unreviewed disputes.  As discussed above, it is
4 significant that both parties seek to vacate the Amended
5 Judgment.  The settlement will resolve the disputes
6 between the parties and bring closure.  In view of the
7 resources expended by both parties in litigating the
8 instant dispute, in addition to the Settlement Agreement
9 reached, there appears to be little chance of
10 relitigation.

11

12    Accordingly, the Court finds that the equitable
13 considerations weigh in favor of vacating the Amended
14 Judgment.  The Court concurrently issues an Order
15 vacating the Amended Judgment and dismissing the action
16 with prejudice.

17

18 Dated: January 16, 2013
19         Nunc pro tunc                  VIRGINIA A. PHILLIPS
                                          United States District Judge